# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| JESSE B. RODRIGUEZ, | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:18-cv-920-O |
| ERIC D. WILSON, Warden, FMC-Fort Worth, | § § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are federal prisoner Jesse B. Rodriguez's ("Rodriguez") petition for writ of habeas corpus under 28 U.S.C. § 2241, brief in support (Pet. ECF No. 1; Memorandum, ECF No. 2), Warden Eric Wilson's response with appendix (ECF Nos. 11,12), and Rodriguez's reply (ECF No. 15.) After considering the relief sought by Rodriguez, the record, related briefing, and applicable law, the Court concludes that Rodriguez's § 2241 petition should be **DISMISSED** for lack of jurisdiction.

**I.    BACKGROUND**

Rodriguez was convicted in the United States District Court for the Northern District of Texas, San Angelo Division of two counts: conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana in violation of 21 U.S.C. § 846 (Count One); and possession with intent to distribute 50 kilograms of more of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). J., *United States v. Rodriguez*, No. 6:07-cr-058-C (2) (N.D. Tex. Feb. 10, 2012), ECF No. 104.[1] He was sentenced to 262 months' imprisonment. *Id.* Rodriguez challenged his

---

[1] The Court takes judicial notice of the records of Rodriguez's criminal case in this the Northern District of Texas. *See* FED. R. EVID. 201(b)(2) and (c)(1).

conviction and sentence on direct appeal, but the court of appeals affirmed in a published opinion. *United States v. Rodriguez*, 564 F.3d 735 (5th Cir. 2009) (App. 7-21). Rodriguez's first § 2255 motion was denied by an order entered in 2012, and his second § 2255 motion, filed in 2014, was transferred to the Fifth Circuit as a motion seeking authorization to file a successive § 2255, which was denied by the Fifth Circuit.[2] *In re: Jesse B. Rodriguez*, No. 14-11114 (5th Cir. Jan. 21, 2015) (App. 30-32.) His third § 2255 motion was denied by the district court, and the Fifth Circuit then denied his request for certificate of appealability.[3] *United States v. Rodriguez*, No. 17-11317 (5th Cir. Oct. 10, 2018) (App. 33-35.) Rodriguez then filed the instant § 2241 petition in this the Fort Worth Division where he was then housed.[4] Pet. 1, ECF No. 1.

## II.  CLAIMS FOR RELIEF

Rodriguez asserts that the convicting court improperly applied a sentence enhancement under 21 U.S.C. § 851 and improperly sentenced him as a "career offender," because his prior state controlled substance convictions that were used as predicate offenses no longer qualify under the Supreme Court's rulings in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013). Pet. 7–8, ECF No.1; Brief 10-24, ECF No. 2. Rodriguez seeks to be re-sentenced without the § 851 and career-offender enhancements. Pet. 9, ECF No. 1.

## III.  ANALYSIS

A motion under § 2255 is the primary means of collaterally attacking a federal conviction

---

[2] The first § 2255 motion was assigned civil case number 6:10-cv-033-C and the second § 2255 motion was assigned civil case number 6:14-cv-060-C.

[3] The third § 2255 motion was assigned civil case number 6:16-cv-025-C.

[4] Rodriguez has recently updated his address as FCI-Williamsburg in Salters, South Carolina. Notice of Address Change 1, ECF No. 17.

or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam )). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides,

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Under the "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

Rodriguez cannot rely on § 2241 merely because he might now be limited in seeking relief under § 2255. *Cf. Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000) (citing *Tolliver*, 211 F.3d at 878) (holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective). Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher*, 342 F.3d at 382 (citing *Reyes-Requena*, 243 F.3d at 904 and *Jeffers*, 253 F.3d at 830).

Rodriguez has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Rodriguez does not claim or attempt to demonstrate that he was convicted of a nonexistent offense. Rather he challenges the imposition of his sentence, and not his conviction, and such claims do not fall within the savings clause of § 2255(e). *See generally Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005) (contrasting claims challenging a sentence from those challenging a conviction). In *Logan v. Warden Fed. Corr. Complex Beaumont*, the Fifth Circuit reviewed the denial of a § 2241 petition brought pursuant to the savings clause in which the petitioner asserted, as Rodriguez does in this case, that he was erroneously sentenced. *Logan*, 644 F. App'x 280 (5th Cir. 2016). The Fifth Circuit held that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent holding that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Id.* at 281 (citing *United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014)).

More particularly, the Fifth Circuit has expressly determined that a claim of actual innocence of the career-offender sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Bradford v.Tamez*, 660 F.3d 226, 230 (5th Cir. 2011) (citing *Kinder v. Purdy*, 222 F. 3d 209, 213-14 (5th Cir. 2000); *see also Dority v. Roy*, 402 F. App'x. 2, 2010 WL 4558884, at *3 (5th Cir. 2010) (claim of actual innocence of career offender enhancement is not a claim of actual innocence sufficient to warrant review under the § 2241 savings clause). And, the Fifth Circuit has affirmed a district court's dismissal of a § 2241 petition that attempted to challenge whether prior state drug convictions could still qualify as sentence enhancement predicates under 21 U.S.C. § 851. *See Spotts v. Lara*, 728 F. App'x 409, 410 (5th Cir. 2018) ("We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e)") (citing *Bradford*, 660 F.3d at 230, and *Padilla*, 416 F.3d at 426-27).

Furthermore, Rodriguez's specific case law arguments also fail to show any entitlement to relief. Rodriguez argues that he is actually innocent of a sentencing enhancement as a result of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and *DesCamps v. United States,* 570 U.S. 254 (2013). Without delving into the substance of each decision, suffice it to note that the Fifth Circuit has recently expressly rejected any effort to challenge a sentencing issue under the savings clause based upon *Mathis* or *Descamps*. *See Hayes v. Willis*, 779 F. App'x 248 (2019) ("Hayes may not invoke § 2255(e)'s savings clause to proceed under § 2241 because neither *Mathis* nor *Descamps* establishes the he was convicted of nonexistent federal offenses") (citation omitted). Rodriguez has not invoked the savings clause in reliance on *Mathis* and *Descamps*.

In his reply, Rodriguez cites the Court to the decision of the Fourth Circuit in *United States v. Wheeler,* 886 F. 3d 415, 427 (4th Cir. 2018), *cert. denied*, 139 S.Ct. 1318 (2019) for the proposition that § 2255(e) must provide an avenue for prisoners to test the legality of their sentences under § 2241. Reply 3, ECF No. 15. But the Fifth Circuit has recently rejected a similar argument. *See Higgs V. Wilson*, 772 F. App'x 167, 168 (5th Cir. 2019) ("While [petitioner Higgs] relies on [*Wheeler*], to argue that fundamental sentencing errors satisfy the savings clause, *Wheeler* is not binding in this circuit and does not allow us to overturn our precedent") (citing *Traxler*, 764 F.3d at 489)). Thus, *Wheeler* does not change this Court's analysis applicable to reject Rodriguez's claim to challenge his sentence under the savings clause.

In sum, as Rodriguez does not contend that he is actually innocent of the charges for which he was convicted based upon a retroactively applicable Supreme Court decision, and as he otherwise challenges the imposition of his sentence, the Court concludes that he is not entitled to relief under § 2241. Rodriguez's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the

5

requirements of the savings clause are not met).

**IV.     CONCLUSION and  ORDER**

Accordingly, it is **ORDERED** that Jesse B. Rodriguez's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **24th day** of **February, 2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**